## UNITED STATES v. REINKING et al.

(District Court, D. New Jersey.  October 10, 1922.)

**Intoxicating liquors ☞259—Statute authorizing abatement of nuisance held valid.**

National Prohibition Act, tit. 2, § 22, authorizing suits for abatement of nuisances defined in section 21, *held* not beyond the powers of Congress, as conferring on courts of equity power to punish persons for the commission of crime.

In Equity.  Suit by the United States against Charles Reinking and Maria Reinking.  On motion to dismiss bill.  Denied.

Merritt Lane, of Newark, N. J., for the motion.
Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J., opposed.

BODINE, District Judge.  The bill of complaint in this case is predicated on sections 21 and 22 of the National Prohibition Law (41 Stat. 305).  Section 21, so far as pertinent, provides that any building or place where intoxicating liquor is sold, kept, or bartered in violation of law, and all intoxicating liquor so kept, shall constitute a common nuisance.  Section 22 provides that an action to enjoin any such nuisance may be brought by the United States Attorney as an action in equity, and may be brought in any court having jurisdiction to determine equity causes.

The bill alleges that Charles Reinking and Maria Reinking were the owners of a four-story building, known as the Grand Hotel, situated at No. 230 and 234 Hudson street in the city of Hoboken; that they sold whisky and intoxicating liquor to persons in the bill named in violation of law. · The bill prays for an injunction to abate the public and common nuisance therein described by the taking possession of the premises and the intoxicating liquor therein found.  It further prays the destruction or lawful sale of the intoxicating liquors, and an injunction restraining the defendants from continuing the nuisance.  It further asks that the premises shall not be occupied or used for one year; that, if the owner or owners knew of the use to which the premises were put in violation of the law, the court may make a decree impressing a lien upon said premises, directing that the same be sold to pay all costs and fines assessed or imposed against the person or persons found guilty in maintaining such nuisance, and that an injunction may issue against the defendant Charles Reinking, enjoining and restraining him from manufacturing, selling, bartering, or storing any intoxicating liquor on the premises, or anywhere within the district of New Jersey in violation of the National Prohibition Law.

The procedure followed by the district attorney was identical with that upheld by the Circuit Court for the Seventh Circuit in Lewinsohn v. United States, 278 Fed. 421.  There is certainly no limitation upon the authority of Congress to declare what shall constitute a public nuisance, nor is there any limitation upon the power of Congress to confer jurisdiction upon a court of equity to hear causes, unless by so

☞For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

doing it strips the citizen of some right guaranteed to him under the Constitution of the United States.

It was urged by counsel that the above provisions of the National Prohibition Act have, in effect, conferred upon a court of equity power to punish persons for the commission of crime, and that Congress is without such power, and in support of this doctrine the New Jersey case of Hedden v. Hand, 90 N. J. Eq. 583, 107 Atl. 285, 5 A. L. R. 1463, is cited. A statement of the argument is its refutation. Courts of equity, in enjoining that which Congress has declared to be a nuisance, are not punishing persons responsible for the nuisance for a crime, although the act enjoined may be a crime. The court is merely restraining an act which might, if committed, be the subject-matter of indictment. If the person restrained violates the injunction, the court may properly punish for contempt. Here the punishment is not for the offense, but for the disobedience of the order of the court. A further consideration of the question is, however, unnecessary, because the same questions were raised in the leading case of Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205 (the Kansas Prohibition Case); Mr. Justice Harlan saying:

"The state having authority to prohibit the manufacture and sale of intoxicating liquors for other than medical, scientific, and mechanical purposes, we do not doubt her power to declare that any place, kept and maintained for the illegal manufacture and sale of such liquors, shall be deemed a common nuisance, and be abated, and, at the same time, to provide for the indictment and trial of the offender. One is a proceeding against the property used for forbidden purposes while the other is for the punishment of the offender. * * * 'In regard to public nuisances,' Mr. Justice Story says, 'the jurisdiction of courts of equity seems to be of a' very ancient date, and has been distinctly traced back to the reign of Queen Elizabeth. The jurisdiction is applicable not only to public nuisances, strictly so called, but also to purprestures upon public rights and property. * * * In case of public nuisances, properly so called, an indictment lies to abate them, and to punish the offenders. But an information, also, lies in equity to redress the grievance by way of injunction.' 2 Story's Eq. §§ 921, 922. The ground of this jurisdiction in cases of purpresture, as well as of public nuisances, is the ability of courts of equity to give a more speedy, effectual and permanent remedy, than can be had at law. They cannot only prevent nuisances that are threatened, and before irreparable mischief ensues, but arrest or abate those in progress, and, by perpetual injunction, protect the public against them in the future; whereas courts of law can only reach existing nuisances, leaving future acts to be the subject of new prosecutions or proceedings. This is a salutary jurisdiction, especially where a nuisance affects the health, morals, or safety of the community. Though not frequently exercised, the power undoubtedly exists in courts of equity thus to protect the public against injury.. * * * As to the objection that the statute makes no provision for a jury trial in cases like this one, it is sufficient to say that such a mode of trial is not required in suits in equity brought to abate a public nuisance."

Further authorities are cited in Lewinsohn v. United States, and see, also, United States v. Cohen (D. C.) 268 Fed. 424.

The motion to strike the bill will be denied. Questions suggested, but not raised, as to the power of the court to enforce the payment of liens, fines, etc., by sale, may be raised, if, under the evidence at the trial, these questions become material.